```
         IN THE UNITED STATES DISTRICT COURT
         FOR THE WESTERN DISTRICT OF TENNESSEE
                   WESTERN DIVISION
```

| | |
|---|---|
| **LESLIE C. EASTWOOD,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| v. | ) No. 14-cv-01269-TMP |
| | ) |
| **CAROLYN W. COLVIN,** | ) |
| **COMMISSIONER OF SOCIAL** | ) |
| **SECURITY,** | ) |
| | ) |
|     **Defendant.** | ) |

**ORDER AFFIRMING THE COMMISSIONER'S DECISION**

Before the court is plaintiff Leslie C. Eastwood's appeal from a final decision of the Commissioner of Social Security[1] ("Commissioner") denying his application for disability insurance benefits under Title II and Title XVI of the Social Security Act ("Act"), 42 U.S.C. §§ 401 *et seq*. On December 6, 2016, the parties consented to the jurisdiction of the United States magistrate judge pursuant to 28 U.S.C. § 636(c). (ECF No. 20.) For the reasons set forth below, the decision of the Commissioner is affirmed.

---

[1] Carolyn W. Colvin was the Acting Commissioner of Social Security at the time this case was filed. Therefore, she is named in the in the caption to this case. As of the date of this order, the Acting Commissioner of Social Security is Nancy A. Berryhill.

## I. PROCEDURAL HISTORY

On May 9, 2006, Eastwood applied for disability benefits under Title II and Title XVI of the Act. (R. at 100, 105.) Eastwood alleged disability beginning on May 5, 2006, due to problems with both of his shoulders and heart problems resulting from a stent in his main artery. (R. at 100, 139.) The Social Security Administration ("SSA") denied Eastwood's application at the initial level on October 20, 2006. (R. at 40-41, 46-49, 188.) Eastwood reapplied for benefits under Title II and Title XVI of the Act on August 26, 2009. (R. at 109.) Eastwood again alleged disability beginning on May 5, 2006, this time due to "rips and tears in shoulders" and heart disease. (R. at 178.) The SSA denied the second application initially and upon reconsideration. (R. at 42-45, 54-57.) At Eastwood's request, a hearing was held before an Administrative Law Judge ("ALJ") on March 22, 2011. (R. at 25-39.) After this hearing, Eastwood amended his alleged disability onset date to August, 7 2009. (R. at 543.) On June 29, 2011, the ALJ issued a decision denying Eastwood's request for benefits after finding Eastwood was not under a disability because he retained the residual functional capacity ("RFC") to perform jobs that exist in significant numbers in the national economy. (R. at 14-18.) On January 1, 2012, the SSA's Appeals Council denied Eastwood's request for review. (R. at 1.) Eastwood then filed a complaint

in this court, and the court remanded the case on October 31, 2012, pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings. (R. at 619-20.) On January 9, 2013, the SSA's Appeals Council remanded the case to the ALJ for proceedings based on the court's order. (R. at 621-25.) On April 25, 2013, the ALJ held a second hearing and, on June 11, 2013, issued a decision again finding Eastwood not under a disability. (R. at 540-79.) On August 4, 2014, the SSA's Appeals Counsel denied Eastwood's request for review. (R. at 535-37.) Therefore, the ALJ's decision became the final decision for the Commissioner. (Id.) Subsequently, on August 10, 2014, Eastwood filed the instant action. (ECF No. 1.) Eastwood argues that the ALJ's determination that Eastwood is not disabled is not supported by substantial evidence because the ALJ erred in determining Eastwood could perform work existing in significant numbers in the national economy. (ECF No. 16 at 9-11.)

## II. CONCLUSIONS OF LAW

### A. Standard of Review

Under 42 U.S.C. § 405(g), a claimant may obtain judicial review of any final decision made by the Commissioner after a hearing to which he or she was a party. "The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of

the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). Judicial review of the Commissioner's decision is limited to whether there is substantial evidence to support the decision and whether the Commissioner used the proper legal criteria in making the decision. Id.; Burton v. Comm'r of Soc. Sec., No. 16-4190, 2017 WL 2781570, at *2 (6th Cir. June 27, 2017); Cole v. Astrue, 661 F.3d 931, 937 (6th Cir. 2011); Rogers v. Comm'r of Soc. Sec., 486 F.3d 234, 241 (6th Cir. 2007). Substantial evidence is more than a scintilla of evidence but less than a preponderance, and is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Kirk v. Sec'y of Health & Human Servs., 667 F.2d 524, 535 (6th Cir. 1981) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)).

In determining whether substantial evidence exists, the reviewing court must examine the evidence in the record as a whole and "must 'take into account whatever in the record fairly detracts from its weight.'" Abbott v. Sullivan, 905 F.2d 918, 923 (6th Cir. 1990) (quoting Garner v. Heckler, 745 F.2d 383, 388 (6th Cir. 1984)). If substantial evidence is found to support the Commissioner's decision, however, the court must affirm that decision and "may not even inquire whether the record could support a decision the other way." Barker v. Shalala, 40 F.3d 789, 794 (6th Cir. 1994) (quoting Smith v.

Sec'y of Health & Human Servs., 893 F.2d 106, 108 (6th Cir. 1989)). Similarly, the court may "not try the case de novo, resolve conflicts in the evidence or decide questions of credibility." Ulman v. Comm'r of Soc. Sec., 693 F.3d 709, 713 (6th Cir. 2012) (quoting Bass v. McMahon, 499 F.3d 506, 509 (6th Cir. 2007)). The Commissioner, not the court, is charged with the duty to weigh the evidence and to resolve material conflicts in the testimony. Walters v. Comm'r of Soc. Sec., 127 F.3d 525, 528 (6th Cir. 1997); Crum v. Sullivan, 921 F.2d 642, 644 (6th Cir. 1990); Prater v. Comm'r of Soc. Sec., No. 114CV01221STATMP, 2017 WL 2929479, at *1 (W.D. Tenn. July 10, 2017).

**B. The Five-Step Analysis**

The Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1). Additionally, section 423(d)(2) of the Act states that:

> An individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in

which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work. For purposes of the preceding sentence (with respect to any individual), "work which exists in the national economy" means work which exists in significant numbers either in the region where such individual lives or in several regions of the country.

Under the Act, the claimant bears the ultimate burden of establishing an entitlement to benefits. Oliver v. Comm'r of Soc. Sec., 415 F. App'x 681, 682 (6th Cir. 2011). The initial burden is on the claimant to prove she has a disability as defined by the Act. Siebert v. Comm'r of Soc. Sec., 105 F. App'x 744, 746 (6th Cir. 2004) (citing Walters, 127 F.3d at 529); see also Born v. Sec'y of Health & Human Servs., 923 F.2d 1168, 1173 (6th Cir. 1990). If the claimant is able to do so, the burden then shifts to the Commissioner to demonstrate the existence of available employment compatible with the claimant's disability and background. Born, 923 F.2d at 1173; see also Griffith v. Comm'r of Soc. Sec., 582 F. App'x 555, 559 (6th Cir. 2014).

Entitlement to social security benefits is determined by a five-step sequential analysis set forth in the Social Security Regulations. See 20 C.F.R. §§ 404.1520, 416.920. First, the claimant must not be engaged in substantial gainful activity. See 20 C.F.R. §§ 404.1520(b), 416.920(b). Second, a finding must be made that the claimant suffers from a severe impairment.

20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(5)(ii). In the third step, the ALJ determines whether the impairment meets or equals the severity criteria set forth in the Listing of Impairments contained in the Social Security Regulations. See 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d). If the impairment satisfies the criteria for a listed impairment, the claimant is considered to be disabled. On the other hand, if the claimant's impairment does not meet or equal a listed impairment, the ALJ must undertake the fourth step in the analysis and determine whether the claimant has the RFC to return to any past relevant work. See 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1520(e), 416.920(a)(4)(iv). If the ALJ determines that the claimant can return to past relevant work, then a finding of not disabled must be entered. Id. But if the ALJ finds the claimant unable to perform past relevant work, then at the fifth step the ALJ must determine whether the claimant can perform other work existing in significant numbers in the national economy. See 20 C.F.R. §§ 404.1520(a)(4)(v), 404.1520(g)(1), 416.960(c)(1)-(2). Further review is not necessary if it is determined that an individual is not disabled at any point in this sequential analysis. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

## C. The ALJ's Step Five Determination

Eastwood argues that the ALJ erred in finding he could perform work existing in significant numbers in the national economy. What amounts to a significant number is not a settled amount but rather a variable quantity that an ALJ must work out on a case-by-case basis. See Taskila v. Comm'r of Soc. Sec., 819 F.3d 902, 905 (6th Cir. 2016) ("[T]his argument . . . tries to transform the significant-numbers inquiry from a fact question reviewed for substantial evidence into a legal question reviewed as a matter of statutory interpretation."); see also Hall v. Bowen, 837 F.2d 272, 275 (6th Cir. 1988) ("[W]e cannot set forth one special number which is to be the boundary between a 'significant number' and an insignificant number of jobs.").

When an ALJ reaches the fifth step of the disability entitlement analysis, the ALJ examines how the claimant's age, education, and work experience affect that claimant's ability to work. SSR 83-10, 1983 WL 31251, at *1 (S.S.A. January 1, 1983). SSA has promulgated a grid of rules for ALJs to consult when assessing what effect these factors and the claimant's exertional limitations[2] have on the number of jobs available to a

---

[2] Exertional limitations "affect [a claimant's] ability to meet the strength demands of jobs." 20 C.F.R. §§ 404.1569a(a), 416.969a(a). Nonexertional limitations are "[l]imitations or restrictions which affect your ability to meet the demands of jobs other than the strength demands, that is, demands other than sitting, standing, walking, lifting, carrying, pushing or

claimant. 20 C.F.R. § Pt. 404, Subpt. P, App. 2; see also Heckler v. Campbell, 461 U.S. 458, 468 (1983) (approving SSA's use of this grid).

If a claimant has both exertional and nonexertional limitations and is not disabled on the sole grounds of her or his exertional limitations, the ALJ uses the grid as "a framework for consideration of how much the individual's work capability is further diminished . . . ." 20 C.F.R. § Pt. 404, Subpt. P, App. 2, Rule 200.00(e)(2); Jordan v. Comm'r of Soc. Sec., 548 F.3d 417, 424 (6th Cir. 2008); SSR 83-14, 1983 WL 31254, at *3 (S.S.A. January 1, 1983). In such a circumstance, the Sixth Circuit requires ALJs to consider "expert vocational testimony or other similar evidence to establish that there are jobs available in the national economy for a person with the claimant's characteristics." Abbott, 905 F.2d at 927 (quoting Tucker v. Heckler, 776 F.2d 793, 795-96 (8th Cir. 1985)). ALJs also consider a "claimant's disability; the reliability of the vocational expert's testimony; the reliability of the claimant's testimony; the distance claimant is capable of travelling to engage in the assigned work; the isolated nature of the jobs; [and] the types and availability of such work." Taskila, 819 F.3d at 904 (citing Hall, 837 F.2d at 275).

---

pulling, are considered nonexertional." Id.

Upon reaching the fifth step of Eastwood's disability entitlement analysis, the ALJ used the grid as a framework and considered the effect of all of Eastwood's various physical limitations, as well as his age and education, on his ability to work. (R. at 546-52.) The ALJ also considered the testimony of a vocational expert who informed the ALJ that, based on the limitations the ALJ provided in a hypothetical, Eastwood could work one occupation — furniture rental consultant. (R. at 552, 576-578.) The vocational expert further explained that there were approximately 400,000 jobs in existence nationally in this occupation and 3,060 jobs available in Tennessee. (Id.) After considering all of these factors, the ALJ found that, while Eastwood could not return to his prior work, work remained available to Eastwood in significant numbers, mandating a finding that Eastwood was not disabled.[3] (R. at 551-52.)

---

[3]The court notes Eastwood's implicit suggestion that, in light of how severely his nonexertional limitations erode at the light work job base available to him, the ALJ should have placed Eastwood in the sedentary work category and, therefore, found him disabled. (EFC No. 16 at 9-10.); see generally SSR 83-14, 1983 WL 31254, at *3 (S.S.A. January 1, 1983) ("[A]n additional exertional or nonexertional limitation may substantially reduce a range of work to the extent that an individual is very close to meeting a table rule which directs a conclusion of 'Disabled.'"); Jon C. Dubin, Overcoming Gridlock: Campbell After a Quarter-Century and Bureaucratically Rational Gap-Filling in Mass Justice Adjudication in the Social Security Administration's Disability Programs, 62 Admin. L. Rev. 937 (2010). However, Eastwood has not provided, and the court has not found, any Sixth Circuit case law to support this proposition.

Eastwood takes issue with this finding for three reasons. First, Eastwood argues that one occupation does not amount to a significant amount of work. (ECF No. 16 at 9-10.) Second, he maintains that the quantity of jobs in this occupation regionally and nationally is also not a significant amount of work. (Id.) Finally, Eastwood contends that, since he cannot drive long distances, (R. at 193, 572), the ALJ should have demonstrated that there were furniture rental consultant jobs available in the region near him. (Id.)

Addressing Eastwood's first argument, the fact that the ALJ found only one occupation for Eastwood does not alter his disability status. The Sixth Circuit has recognized that a single occupation can provide a significant amount of work. See Nejat v. Comm'r of Soc. Sec., 359 F. App'x 574, 579 (6th Cir. 2009) (finding the existence of 2,000 jobs in a single occupation was a substantial amount of work). Thus, the ALJ did not err in relying on the existence of only one occupation when deciding that Eastwood could work jobs that exist in significant numbers.

With regard to Eastwood's second argument, although Eastwood alleges that the number of jobs available is not enough to be significant, "[t]here is no 'magic number' that qualifies as 'significant' for purposes of satisfying this prong of the disability inquiry." Cunningham v. Astrue, 360 F. App'x 606,

615 (6th Cir. 2010) (quoting Hall, 837 F.2d at 275). As discussed above, the ALJ decides what is significant by applying a multitude of factors and, as a result, the amount that is significant varies widely from case to case. Compare Taskila, 819 F.3d at 906 (finding 200 regional jobs and 6,000 national jobs sufficient), and Ward v. Berryhill, No. 16-1169, 2017 WL 2465180, at *3 (W.D. Tenn. June 7, 2017) (finding 2,500 regional jobs and 330,000 national jobs sufficient), with Johnson v. Berryhill, No. 4:16-CV-00106-HBB, 2017 WL 2454326, at *6-10 (W.D. Ky. June 6, 2017) (finding 1,100 regional jobs and 110,000 national jobs insufficient due to the unreliability of the Dictionary of Occupational Titles), and Mackins v. Astrue, 655 F. Supp. 2d 770, 773 (W.D. Ky. 2009) (finding 900 regional jobs and 60,000 national jobs insufficient due to the obsolete nature of the work). Eastwood has not raised any arguments that call into question the reliability of the vocational expert's testimony about the position of rental furniture consultant. Thus, the court finds that substantial evidence supports the ALJ's decision that 3,060 regional jobs and 400,000 national jobs met the statutory requirements for a significant number of jobs.

In response to Eastwood's final argument, it is correct that when a claimant presents a physical inability to drive, driving becomes an intrinsic factor that an ALJ should consider

pertinent to the determination of whether there is a significant amount of work available. See Simons v. Barnhart, 114 F. App'x 727, 735 (6th Cir. 2004); Ward, No. 16-1169, 2017 WL 2465180, at *3. Nevertheless, regardless of the nature of the claimant's limitations, an ALJ has no duty to establish that jobs are available in a convenient location for the claimant. 20 C.F.R. § 404.1566 ("It does not matter whether . . . [w]ork exists in the immediate area in which you live."). Furthermore, when a claimant admits that she or he can drive at all, courts treat driving as an extrinsic factor that an ALJ does not have to consider. See Simons, 114 F. App'x at 735; Ward, No. 16-1169, 2017 WL 2465180, at *3. Here, Eastwood admitted he could drive a short distance. (ECF No. 16 at 10; R. at 193, 572.) As a result, Eastwood's limited ability to drive does not undermine the ALJ's finding that there was substantial work available to him. Therefore, the court upholds the ALJ's conclusion that Eastwood could perform other work existing in significant numbers in the national economy.

### III. CONCLUSION

For the reasons described above, substantial evidence supports the determination that Eastwood can perform work existing in significant numbers in the national economy. Accordingly, the Commissioner's decision that Eastwood is not disabled is affirmed.

IT IS SO ORDERED.

                          s/ Tu M. Pham
                          TU M. PHAM
                          United States Magistrate Judge

                          September 15, 2017
                          Date